Appellant Barbara Allen appeals an order granting permanent custody of her son, Trevor Allen, to the Summit County Children Services Board ("CSB"). This Court affirms.
 I.
Barbara and Trevor have both been diagnosed as mentally retarded and developmentally disabled. Additionally, both have exhibited abnormal behavioral characteristics: Barbara has a dependent personality causing her to be unable to make decisions and to be easily influenced, while Trevor is abnormally hyperactive, causing experts to refer to him as a challenging child. Due to Barbara's developmental delays, she is unable to take care of her own money or make her own health care decisions. For this reason she has been under a limited guardianship for medical and health care decisions and has frequently resided in foster care environments.
Barbara lived with her mother until 1994, when she moved into a semi-independent living environment where she had a roommate and was monitored regularly. However, Barbara was not getting sufficient individual assistance. When Barbara's roommate moved out, Barbara began having trouble socializing and following through with basic hygiene requirements. It was at this time that Barbara met Trevor's father. Initially, Trevor's father did not have any disabilities; however, he was subsequently rendered mentally retarded and developmentally disabled by a traumatic injury to his head.
After becoming pregnant, Barbara vacillated as to whether to keep the child and whether to remain involved with the father. While pregnant, Barbara was placed with the Wellspring family in a foster care setting. Trevor was born on March 19, 1994.
In February 1997, the Wellsprings could no longer take care of Barbara and Trevor due to personal problems of their own. Because no other joint placement was available at that time, Barbara and Trevor were separated. Barbara was returned to respite care in another household, while the CSB exercised custody over Trevor. The CSB eventually placed Trevor in another foster home.
On April 9, 1997, Trevor was found to be a dependent child and the CSB was granted temporary custody. After attempting to find a suitable joint placement for Trevor and Barbara and working to improve Barbara's parenting skills through counseling and instruction, the CSB moved for permanent custody on October 2, 1997. Trevor's father voluntarily waived his parental rights, but Barbara challenged the permanent custody action. The trial court ultimately granted the CSB permanent custody. Barbara appeals.
 II.
Barbara's first assignment of error states:
 THE JUVENILE COURT INCORRECTLY AWARDED APPELLEE PERMANENT CUSTODY OF THE MINOR CHILD.
The trial court in this case acted pursuant to R.C.2151.414, which provides:
 (B) The court may grant permanent custody of a child to a movant if the court determines * * *, by clear and convincing evidence, that it is in the best interest of the child * * * and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents[.]
In determining whether the change of custody is in the child's best interest, the trial court must consider all relevant factors, including:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian [ad litem], with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
R.C. 2151.414(D). In determining whether a child can be placed with its parents, the trial court must decide whether any one of several enumerated factors exists. R.C. 2151.414(E). The enumerated factors that were explicitly relied upon by the trial court in this case were:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. * * *
 (2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds a hearing * * *.
* * *
 (12) Any other factor the court considers relevant.
Id.
Barbara argues that the trial court's findings were not supported by clear and convincing evidence. This Court has previously held that it will not reverse a trial court order granting permanent custody if it is supported by sufficient credible evidence. In re Wise (1994), 96 Ohio App.3d 619, 626.
The trial court's decision that permanent custody is in the best interest of Trevor pursuant to R.C. 2151.414(D) is supported by sufficient credible evidence. The evidence showed that Barbara has never been Trevor's primary caretaker. When Trevor and Barbara lived with the Wellsprings, Mrs. Wellspring acted as his primary caretaker. Since then, Trevor has never resided with Barbara. Therefore, Trevor has never developed a close bond with Barbara. Although a minority of the witnesses claimed to see a bond develop between Barbara and Trevor, this bond was not as strong as the bond that has developed between Trevor and his current foster parents. Additionally, although every child needs a secure and permanent environment in which to grow, Trevor's needs for stability far exceed the norm due to his developmental disabilities. In that regard, the evidence showed that Trevor's best opportunity for stability was to allow the CSB to have permanent custody so that Trevor could be offered for adoption. Also, Trevor's wishes, as expressed through his guardian ad litem, were to allow the CSB to have permanent custody.
The trial court's conclusion that Barbara has failed continuously and repeatedly to remedy substantially the conditions causing Trevor to be placed outside her home pursuant to R.C. 2151.414(E)(1) is also supported by sufficient credible evidence. In this regard, the trial court correctly noted that the main problem is Barbara's "inability to properly care for both herself and her son's needs given that each is [mentally retarded and developmentally disabled] and each has very special needs." This inability to care for both herself and Trevor was well established by the testimony. Although Barbara's parenting skills have improved somewhat since she began receiving counseling and instruction, her ability to remember instructions, apply the same tasks to different situations, and adapt to the ever-changing needs of Trevor was questioned by every witness. Even Barbara's own expert admitted that Barbara would require ongoing intervention and training to cope with Trevor's changing needs.
As a result of Barbara's inability to care for Trevor on her own, significant outside supervision would be required before Trevor could be safely placed in Barbara's custody. In that regard, the agencies involved have diligently worked to find a suitable joint placement. However, the agencies have been unable to find a home that would provide Barbara and Trevor with the level of supervision required by their unique situation. Therefore, notwithstanding the reasonable and diligent efforts of all those involved, the problems that initially caused Trevor to be removed from Barbara's custody have not been substantially remedied.
The first assignment of error is overruled.
 III.
Barbara's second assignment of error states:
 SECTION 2151.414 OF THE OHIO REVISED CODE VIOLATES EQUAL PROTECTION AS GUARANTEED BY THE UNITED STATES CONSTITUTION, AMENDMENT XIV, AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 2.
Specifically, Barbara argues that mentally retarded parents are required to provide an adequate home for the child within one year of the hearing pursuant to the second factor enumerated in R.C. 2151.414(E), while other parents need only be capable of taking the child within a "reasonable time" pursuant to R.C. 2151.414(B)(1). Barbara claims that the differing time limits are unconstitutional because they treat mentally retarded parents unequally in regard to the exercise of a fundamental right.
"A court will not exercise its power to determine the constitutionality of a legislative enactment where other issues are apparent in the record, the determination of which will dispose of the case on its merits." Greenhills Home OwnersCorp. v. Greenhills (1966), 5 Ohio St.2d 207, paragraph one of the syllabus. In the instant case, as previously discussed, the trial court had ample evidence to support a finding that Trevor could not be placed with Barbara under R.C. 2151.414(E)(1). Because R.C. 2151.414(E) merely requires a positive finding as to one of the enumerated factors, the trial court's finding under R.C. 2151.414(E)(1) disposes of this entire case on its merits. As such, this Court need not address the constitutionality of R.C. 2151.414(E)(2).
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- DONNA J. CARR FOR THE COURT
BAIRD, P. J., DICKINSON, J., CONCUR